■ DOROTHY LEVY, Respondent, v. DAVID LEVY, Appellant.— In a support proceeding originally instituted by the wife, in which an order was made on March 20, 1963 directing the husband to pay $30 a week for her support, and in which the husband thereafter, pursuant to statute (Family Ct. Act, §§ 451, 458), moved to vacate such support order and to cancel the arrears thereunder, and in which the wife moved to punish the husband for contempt in failing to obey the order, the husband appeals from an order of the Family Court, Nassau County, entered January 17, 1964, upon the decision of the court after a nonjury trial, which in effect denied his application to vacate the support order and granted his application to the extent of modifying the order by reducing the weekly payments to $15 and directing him to make such payments plus $5 per week on account of the arrears of $250. Order appealed from reversed on the law and on the facts, without costs; the husband's application to vacate the support order of March 20, 1963 is granted; said order is vacated *in toto*; and the wife's application to punish the husband for contempt is denied. The findings of fact contained or implicit in the decision of the court below, insofar as such findings may be inconsistent herewith are reversed, and new findings are made as indicated herein. The support order which the husband sought to set aside was obtained by the wife while the parties were living together; the husband was not then represented by counsel. Shortly after the order was obtained the wife left the marital residence without justification; and, when located, she refused to return and still refuses to return. The wife, having neglected her duties under the marriage contract without being excused for the neglect by reason of mental incompetence, is not entitled to assert her right to support under the contract; she has forfeited such right (*Mirizio* v. *Mirizio*, 242 N. Y. 74). Hence, the support order must be vacated in its entirety. Nor can the support order here be continued on the ground that the wife is likely to become a public charge; the proof is to the contrary. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.